People v Middlemiss (2025 NY Slip Op 01681)

People v Middlemiss

2025 NY Slip Op 01681

Decided on March 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 20, 2025

113705
[*1]The People of the State of New York, Respondent,
v
Michael Middlemiss, Appellant.

Calendar Date:February 7, 2025

Before:Egan Jr., J.P., Clark, Aarons, Ceresia and McShan, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Keith F. Schockmel of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.

Appeal from a judgment of the County Court of St. Lawrence County (Robert Smith, J.), rendered March 31, 2022, convicting defendant upon his plea of guilty of the crime of unlawful manufacture of methamphetamine in the second degree.
In satisfaction of two indictments and other pending charges, defendant pleaded guilty to unlawful manufacture of methamphetamine in the second degree and agreed to waive his right to appeal. Under the terms of the plea agreement, defendant was to be sentenced, as second felony offender, to a prison term of five years, to be followed by two years of postrelease supervision. In addition, County Court administered a Parker admonishment, advising defendant, who was being released pending sentencing, that it would not be bound by the sentence commitment if defendant failed to abide by certain conditions, which defendant acknowledged he understood.[FN1] Defendant subsequently failed to appear at sentencing and was arrested on additional unrelated charges, in violation of the Parker warnings. County Court thereafter imposed an enhanced sentence of 7½ years in prison, to be followed by three years of postrelease supervision. Defendant appeals.
We are unpersuaded by defendant's contention that the waiver of his right to appeal is invalid. County Court advised defendant that the right to appeal was separate and distinct from those rights forfeited by the guilty plea and explained that certain appellate rights nevertheless survive, which defendant assured the court he understood. In addition to the court's thorough colloquy, defendant executed a comprehensive written waiver, which specifically noted that he was waiving any challenge to the severity of the sentence and also identified certain appellate rights that he retained. Defendant further acknowledged, upon inquiry by the court, that he had read and reviewed the written appeal waiver with counsel, understood it, had no questions and was voluntarily waiving his right to appeal. We are satisfied that the foregoing reflects defendant's knowing, voluntary and intelligent waiver his right to appeal (see People v Cali, 229 AD3d 940, 941 [3d Dept 2024]; People v Thomas-Jandrew, 228 AD3d 1067, 1067-1068 [3d Dept 2024]; People v Delosh, 227 AD3d 1276, 1276-1277 [3d Dept 2024]). Accordingly, as defendant was aware of the potential consequences of violating the plea conditions, his challenge to the perceived severity of the enhanced sentence imposed is foreclosed by the valid appeal waiver (see People v Trent, 206 AD3d 1355, 1356 [3d Dept 2022]; People v Adams, 165 AD3d 1343, 1345 [3d Dept 2018]).
Egan Jr., J.P., Clark, Aarons, Ceresia and McShan, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Although the transcript from the plea proceeding reflects that defendant also executed a Parker admonishment form after reviewing it with counsel, such document does not appear in the record.